

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WINIMAE D. OXFURTH

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.       CIVIL ACTION NO.

    SERVE:   David N. Anthony
                 Troutman Sanders LLP           1:14CV123 TSE/JFA
                 1001 Haxall Point
                 Richmond, VA 23219

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Winimae D. Oxfurth ("Oxfurth" or "Plaintiff"), by counsel, and as for her Complaint against the Defendant, she states as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Defendant, Experian Information Solutions, Inc. ("Experian"), one of the "Big Three" consumer reporting agencies, has a long history of consumer complaints and lawsuits alleging (and establishing) that it unreasonably mixes the credit files and information of one consumer with the credit files and information of one or more other consumers. This mixed file problem is caused by the Defendant's overly broad matching criteria used to sort data into a credit file.

3. In this case, Experian sold credit reports inaccurately marking the Plaintiff as deceased when, in fact, she was not. Even after the Plaintiff sent Experian a letter signed by a

notary public who verified her identification, Experian refused to correct her credit report and continued to report that she was deceased.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

5. Plaintiff is a natural person and a "consumer" as defined and protected by the FCRA.

6. Defendant Experian Information Solutions, Inc. is a foreign corporation doing business in Virginia. At all times relevant to this Complaint, it was a "consumer reporting agency" as defined by the FCRA.

## FACTS

7. For approximately five years, the Defendant has reported Plaintiff as "deceased" on her Experian credit report.

8. Plaintiff is not deceased.

9. Upon information and belief, Experian merged Plaintiff's credit file with her husband's. When her husband passed away in March 2007, Experian incorrectly added Mr. Oxfurth's deceased notation to Plaintiff's credit file.

10. Thereafter, Experian sold the Plaintiff's credit report to third parties, such as Kohl's and Sam's Club's store credit card companies, despite the fact that it indicated that she was deceased.

11. Because of the inaccurate "deceased" notation on her credit report, Experian informed these third parties that Plaintiff was not alive (thus a poor credit risk), and it did not

calculate or provide any credit score for or on Plaintiff when it sold her credit report to these third parties.

12. In an attempt to correct the inaccurate "deceased" notation on her Experian consumer report, Plaintiff wrote a letter to Experian explaining that she was in fact alive.

13. In her letter, Plaintiff explained that she wrote the letter in the presence of a notary public who verified her identification and notarized her signature.

14. In response to her letter, Experian refused to remove the incorrect notation from Plaintiff's credit report and continued to report her as deceased.

15. This inaccurate reporting caused the Plaintiff substantial actual damages.

16. Defendant has substantial notice and knowledge of the "mixed file" problems and failures of its business procedures and systems, including the failure whereby still-living consumers are inaccurately marked as "deceased".

17. Experian knowingly chooses to ignore these notices of its mixed file problems. It does so even though it already possesses a simple and easy means to correct and avoid the problem.

18. Defendant places a "deceased" notation on a consumer's report when it is advised from any of its many data furnishing sources that the consumer is deceased.

19. However, Defendant does not request or require a death certificate from any of these data sources before placing a "deceased" mark on that consumer's report.

20. Defendant does not request or require any proof from any data source which advises that a consumer is "deceased" that shows that the consumer is actually deceased before placing a "deceased" notation on that consumer's report.

21. In fact, the Defendant does conduct any independent verification with any source that a consumer is actually deceased before placing a "deceased" notation on that consumer's report.

22. Upon information and belief, Defendant regularly receives the "Death Master File" from the Social Security Administration listing by social security number those consumers that the government believes to be deceased. But Defendant does not cross-reference the "X" code received from furnishers with the Death Master File in order to determine whether any given consumer reported as deceased via a furnishing source is also on the Death Master File before selling a credit report about said consumer, or at any time.

23. Instead, Defendant employs no procedures at all which assure that a consumer with a "deceased" mark on his/her report is, in fact, deceased before placing the "deceased" mark on that consumer's report and selling that report.

24. Experian has been sued repeatedly for reporting that a consumer was deceased while the consumer was still alive. *See, e.g., Sheldon v. Experian Info. Solutions, Inc.*, CIV.A. 08-5193 (E.D. Pa. 2010); *Sheffer v. Experian Info. Solutions, Inc.*, No. CIV.A. 02–7407 (E.D. Pa. 2003); *Maykut v. Experian Info. Solutions, Inc.*, Civil Action No. 2:12-cv-6206 (D.N.J. 2012).

25. Despite these lawsuits, Experian has not significantly modified its procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

26. Upon information and belief, Experian has not, and does not intend, to modify its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

27. Accordingly, Experian's violations of the FCRA are willful and it is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT ONE:
### (Violation of 15 U.S.C. § 1681e(b))

28. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

30. As a result of this alleged conduct, action, and inaction, the Plaintiff suffered actual damages.

31. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT TWO:
### (Violation of 15 U.S.C. § 1681i(a)(1))

33. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34. Defendant violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and to subsequently update the information in Plaintiff's file.

35. As a result of this alleged conduct, action, and inaction, Plaintiff suffered actual damages.

36. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT THREE:
### (Violation of 15 U.S.C. § 1681i(a)(4))

38. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

39. Defendant violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

40. As a result of this alleged conduct, action, and inaction, Plaintiff suffered actual damages.

41. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT FOUR:
## (Violation of 15 U.S.C. § 1681i(a)(5))

43. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

44. Defendant violated 15 U.S.C § 1681i(a)(5)(a) by its conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

45. As a result of this alleged conduct, action, and inaction, Plaintiff suffered actual damages.

46. Defendant's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendant; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**WINIMAE D. OXFURTH**

By: _____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com